UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CR-41-H-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANRICO MARQUISE WEBB, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motions to compel the Government to provide certain discovery [DE-69, 70, 72, 73, 74, 75 & 76] and for leave to file further pre-trial motions [DE-71]. The Government has responded [DE-86], and the matters are now ripe for decision.

I. **Motion for Disclosure of 404(b) Evidence [DE-69]**

Under Rule 404(b) of the Federal Rules of Evidence, the government is permitted to introduce at trial evidence of other crimes, wrongs, or acts not charged in the indictment for certain limited purposes. However, upon request by the defendant, the government must "provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Consequently, a defendant is not entitled to immediate production by the government of evidence of specific instances of conduct that it intends to introduce at trial, but is entitled to reasonable notice before trial of the government's intent to introduce 404(b) evidence and its general nature. The Government indicated that it is not aware of any information

that it would intend to introduce pursuant to Rule 404, but will advise Defendant should such information arise.

Accordingly, Defendant's motion is **DENIED AS MOOT**. However, the Government is reminded of its obligation to disclose its intent to introduce 404(b) evidence and the general nature of any such evidence, should such intent arise, no later than **seven (7) days** before trial.

II. **Motions for Discovery of Favorable Evidence [DE-70], to Disclose Promises and Inducements [DE-73], and to Disclose Prior Records of Government Witnesses [DE-74]**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the government is required to disclose evidence that is "both favorable to the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady*, 373 U.S. at 87). That requirement includes disclosure of evidence that could potentially be used to impeach or discredit a government witness. *Giglio v. United States*, 405 U.S. 150, 154 (1972). Accordingly, the government must disclose all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses. *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988). Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of due process so long as the government discloses exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The Government indicated that it is aware of its *Brady* and *Giglio* obligations, that it will comply with such obligations, and

2

that it is unaware of any exculpatory evidence, but will advise Defendant should such information arise.

Accordingly, Defendant's motions are **DENIED AS MOOT**. However, the government is reminded of its ongoing obligation to produce any additional *Brady* or *Giglio* material, should such information arise, no later than **seven (7) days** prior to trial.

### III. Motion for Leave to File Further Pre-Trial Motions [DE-71]

The deadline to file pre-trial motions was December 23, 2010. Defendant timely sought extension of that deadline by this motion, which the Court may grant for good cause shown. Fed. R. Crim. P. 45(b)(1)(A). The Government objected that Defendant has had ample opportunity to review discovery already provided. Contemporaneous with this request, Defendant filed multiple discovery motions. While it appears that the Government may have already produced many of the documents Defendant requested, the Court finds good cause to allow Defendant additional time to evaluate any new documents that may be produced as a result of the instant discovery motions. Furthermore, the arraignment and trial of this matter has been continued to Senior Judge Howard's March 8, 2011 term of court and an extension of the pretrial motions deadline should not unduly delay the case.

Accordingly, Defendant's motion is **GRANTED**. Defendant shall have until **February 15, 2011** to file any additional pre-trial motions, and the Government shall respond no later than **March 1, 2011**.

### IV. Motion for Disclosure of Witness Statements Without Redaction of Their Identity (18 U.S.C. § 3500) [DE-72]

3

The Jencks Act, 18 U.S.C. § 3500, provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of . . . discovery . . . until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Act further specifies the scope of production:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. § 3500(b). Accordingly, Defendant is not entitled to Jencks Act material at this time. See United States v. Lewis, 35 F.3d 148,151 (4th Cir. 1994)("The district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified.").

With respect to names and of witnesses, "[a]bsent a special showing of need, the government in a criminal case has no duty to provide the names or whereabouts of its witnesses." United States v. Swain, 2008 WL 717720, *3 (E.D.N.C. March 17, 2008) (citing United States v. Anderson, 481 F.2d 685, 693 (4th Cir. 1973)). The burden is on the defendant to establish the need for disclosure before the government's intended release of the information. See Rugendorf v. United States, 376 U.S. 528, 534-35 (1964); United States v. Blevins, 960 F.2d 1252, 1258-59 (4th Cir. 1992). Defendant has offered no particularized need for immediate disclosure of the names of government witnesses. Accordingly, Defendant's motion for early production of Jencks Act material is **DENIED**.

4

## V. Motion to Preserve Evidence [DE-75]

Defendant asks the Court to order the Government to preserve all "evidence, tangible paper, handwritten notes, tape recordings, transcripts, objects or other information that relates, even remotely, to this case," including information sought in the instant discovery motions, notes of government agents who may be witnesses or participate in interviews of potential witnesses, and Jencks Act material. The Government responded that rough notes are not potentially discoverable under the Federal Rules or the Jencks Act, but that the Government will preserve and turn over all potentially discoverable evidence as required by law.

The government has a general requirement to preserve evidence that may be subject to disclosure rules. *See Chavis v. North Carolina*, 637 F.2d 213,222-23 (4th Cir. 1980); *see generally* Jencks Act, 18 U.S.C. § 3500 (testifying witnesses' prior statements upon motion of defense); *Giglio v. United States*, 405 U.S. 150 (1972) (evidence that may impeach a testifying government witness upon defense request); *Brady v. Maryland*, 373 U.S. 83 (1963)(exculpatory evidence upon defense request). The Jencks Act generally does not require the *production* of handwritten or rough notes of a law enforcement agent, especially those later incorporated into a formal report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983); *United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988); *see also United States v. Roseboro*, 87 F.3d 642, 644 (4th Cir. 1996) (holding that an FBI agent's notes and a prepared "Form 302 Report" are not subject to disclosure under the Jencks Act). Nevertheless, a need for these documents could arise at trial. *See King*, 121 F.R.D. at 279 (ordering preservation of

5

rough notes without pre-trial production because such notes could contain relevant impeachment material).

Accordingly, Defendant's motion to preserve rough notes is **GRANTED**, and the Government is **ORDERED** to retain the rough notes of its agents in this matter until after exhaustion of all appeal rights.

### VI. Motion for Sequestration of Witnesses and Designation of One Case Agent for Exemption [DE-76]

Defendant seeks an order, pursuant Rule 615 of the Federal Rules of Evidence, requiring the sequestration of all Government witnesses. The Government does not oppose the motion, but requests that it may have a designated case agent present at counsel table. Accordingly, Defendant's motion to sequester under Rule 615 is **GRANTED** and the Government's trial witnesses, with the exception of the Government's designated case agent, shall be "excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. Furthermore, each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *See United States v. Rhynes*, 218 F.3d 310, 317-21 (4th Cir. 2000) (en banc).

## CONCLUSION

(1) Defendant's Motion for Disclosure of 404(b) Evidence [DE-69] is **DENIED AS MOOT**;

(2) Defendant's Motions for Discovery of Favorable Evidence [DE-70], to Disclose Promises and Inducements [DE-73], and to Disclose Prior Records of Government Witnesses [DE-74] are **DENIED AS MOOT**;

(3) Defendant's Motion for Leave to File Further Pre-Trial Motions [DE-71] is **GRANTED**, and Defendant shall have until **February 15, 2011** to file any

6

additional pre-trial motions, and the Government shall respond no later than **March 1, 2011**;

(4) Defendant's Motion for Disclosure of Witness Statements Without Redaction of Their Identity (18 U.S.C. § 3500) [DE-72] is **DENIED**;

(5) Defendant's Motion to Preserve Evidence [DE-75] is **GRANTED**; and

(6) Defendant's Motion for Sequestration of Witnesses and Designation of One Case Agent for Exemption [DE-76] is **GRANTED**.

This the 28th day of January, 2011.

DAVID W. DANIEL
UNITED STATES MAGISTRATE JUDGE

7

Case 2:10-cr-00041-H   Document 89   Filed 01/31/11   Page 7 of 7